IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL M. KIRK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-937-DRH-DGW |
| ) | |
| WENDY ROAL, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner, Daniel M. Kirk, on October 20, 2011 (Doc. 1) and the Motion to Substitute Party and Waiver of Personal Jurisdiction and Venue filed by Respondent, Wendy Roal, on February 11, 2013 (Doc. 8). For the reasons set forth below, it is **RECOMMENDED** that the Motion to Substitute be **GRANTED**, that Warden N.C. English be **SUBSTITUTED** for Warden Roal as Respondent, that the Petition for a Writ of Habeas Corpus be **DENIED**, that the Petition be **DISMISSED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

On October 3, 2008, Petitioner, Daniel M. Kirk, was sentenced to 324 months of incarceration and a lifetime term of supervised release following a guilty plea to the Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e). The pending Petition for a Writ of Habeas Corpus relates to disciplinary proceedings for an incident that occurred on May 25, 2010

while Petitioner was incarcerated at the Federal Prison Camp Manchester located in Clay County, Kentucky. At the time the Petition was filed, Petitioner was incarcerated at the United States Penitentiary Marion, in Illinois. According to the Bureau of Prisons webpage, Petitioner is currently incarcerated at the Federal Correctional Institution Marianna, in Florida.[1]

On May 25, 2010, Officer Melissa Langford and Officer J. Barnett observed Petitioner masturbating in the prison yard. Officer Langford submitted an Incident Report for "Engaging in a Sex Act" which is a violation of "Code: 205" (Doc. 6-3, p. 1). Plaintiff denied committing the act and instead indicated that he was only reading a book (*Id.* at 2). The matter was referred to the Disciplinary Hearing Officer (DHO) who held a hearing on June 23, 2010 (Doc. 6-4, p. 2). At the hearing, Petitioner requested staff representation from Chaplain Kirchoff, denied the charges and reiterated that he was reading a book (*Id.*). Two witnesses, Inmates Norris and Moran, were called by Plaintiff – Norris indicated that Petitioner started reading as he walked the yard, and Moran indicated that, even though he was talking to another inmate, he didn't see Plaintiff masturbating (*Id.* at 3). The DHO also considered a memorandum penned by Officer Barnett and dated May 25, 2010 indicating that he observed Petitioner masturbating. In a December 27, 2010 report, the DHO found that Petitioner's statement was not credible (because, in part, Petitioner could not name the title or content of the book), that his witnesses were not paying attention to Petitioner, and that the statements of the Officers was credible (*Id.* at 4). As a result, Petitioner was placed in disciplinary segregation for 30 days, lost 27 days of good conduct credit, and lost

---

[1] *See* FEDERAL BUREAU OF PRISONS, INMATE LOCATOR, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited February 11, 2013). Petitioner has not submitted a change of address notice as required Chief Judge Herndon's August 14, 2012 Order (Doc. 3). However, Respondent has waived the defenses of venue and personal jurisdiction and has sought the substitution of Warden N.C. English for Warden Roal. *See Moore v. Olson*, 368 F.3d 757, 759-760 (7th Cir. 2004).

180 days of commissary privileges (*Id.*).

Petitioner appealed the decision on February 5, 2011 (Doc. 6-5). The Regional Office denied the appeal in a decision dated May 3, 2011 (Doc. 6-5, p. 3). Petitioner appealed that decision to the Office of General Counsel on May 19, 2011 (*Id.* at 4). That appeal also was denied on December 20, 2011 (*Id.* at 6).

In the Petition before this Court, Petitioner states that he is innocent of the charges. He also states that his due process rights were violated because:

 1. He did not receive Officer Barnett's memorandum regarding the incident prior to the DHO hearing;

 2. The DHO (Timothy Smart) "slammed his hand on the table at the hearing saying 'I had my chance to speak,' dening the Petitioner the right to defend himself against the D.H.O's statements adding new evidence staments to support Petitioner's case [sic]";

 3. The DHO Smart misrepresented the testimony;

 4. The DHO delayed in issuing his decision.

For relief, Petitioner seeks restoration of his good conduct credit, compensation, and that this disciplinary record be expunged.

## CONCLUSIONS OF LAW

Petitioner has a liberty interest in good conduct credits and the revocation of such credits must accord with due process. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). *Wolff v. McDonnell*, 418 U.S. 539 (1974), established the basic due process requirements in the context of a prison disciplinary proceeding: a prisoner must be given (1) at least 24-hours advanced written notice of the charges against him; (3) the ability to call witnesses and present evidence, unless it would be "unduly hazardous to institutional safety or correctional goals," before an impartial

factfinder; and (2) a written statement of the evidence relied upon in reaching its decision. *Id.* at 563-571. There also must be "some evidence in the record" to support the findings of a prison disciplinary board. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

Petitioner first claims that he was not given a copy of Officer Barnett's memorandum prior to the DHO hearing. The fact that Petitioner may not have received Officer Barnett's memorandum prior to the hearing does not violate due process. Petitioner did receive appropriate advanced written notice of the charges against him. *See Northern v. Hanks*, 326 F.3f 909, 910-911 (7th Cir. 2003) (noting that when a notice of charge is sufficient, plaintiff was not entitled to a subsequent modification of that charge prior to the hearing). Officer Barnett's memorandum is consistent with the charges outlined in Officer Langford's disciplinary ticket and the failure to provide Petitioner with a copy did not prevent him from mounting a defense. While prisoners are entitled to disclosure of "material exculpatory evidence" unless presentation of such evidence "could threaten institutional safety or correctional goals," the memorandum is not exculpatory. *Scruggs v. Jordan*, 485 F.3d 934, 939-940 (7th Cir. 2007). Petitioner also would not have been entitled to cross-examine Officer Barnett such that prior disclosure would be necessary. *Wolff*, 418 U.S. at 567. Therefore, the fact that Petitioner did not have Officer Barnett's memorandum prior to the DHO hearing did not violate his due process rights.

Petitioner next argues that DHO Smart prevented him from defending himself and slammed his hand on a table and that he misrepresented the evidence. The Court assumes that Petitioner is arguing that DHO Smart was not impartial and that there was insufficient evidence to support the revocation of the good conduct credit. DHO Smart is "entitled to a presumption of honesty and integrity" and Petitioner faces a high hurdle in demonstrating that he was biased.

4

*Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).  Petitioner cannot overcome this hurdle.  At most, Petitioner has stated that DHO Smart slammed his hand on a table, told Petitioner that he has had the chance to speak, and that he allowed Officer Barnett's memorandum into evidence.  None of these events, either isolated or in combination would show that DHO Smart was biased against Petitioner.  It is clear from the record that Petitioner was afforded the opportunity to present witnesses and that he was allowed to speak, as the DHO findings note Petitioner's explanation of the events.  There is no showing that DHO Smart had any personal animosity against Plaintiff or that he failed to comply with minimal due process requirements.  There was also sufficient evidence to support a finding of guilt: Two officers indicated that they observed Petitioner masturbating.  And, the DHO could discount Petitioner's evidence: his witnesses may not have been looking at him at the time that he was masturbating and his excuse that he was reading a book is undercut by the fact that he could not recall the title or content of the book.  The claim that DHO Smart was biased, that his decision was unsupported by the evidence, or that there was insufficient evidence is without merit.

Petitioner finally claims that his due process rights were violated by the delay in receiving the written findings of the DHO.  As noted above, there was a 6 month gap in between the date of the DHO hearing and the written findings.  Petitioner has not indicated how this gap affected his ability to appeal the DHO's decision or file a claim with this Court.  *See e.g. Staples v. Chester*, 2010 WL 1225826 (10th Cir. 2010); *Cook v. Warden, Fort Dix Corr. Inst.*, 241 Fed.Appx. 828, 826 (3rd Cir. 2007).  Nor is there any showing that Petitioner would have been released earlier absent a swifter resolution of the DHO proceedings (Petittioner's projected release date is in 2031).  This final claim also is without merit.

5

### RECOMMENDATIONS

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Substitute Party and Waiver of Personal Jurisdiction and Venue filed by Respondent (Doc. 8) be **GRANTED**, that Warden N.C. English be **SUBSTITUTED** for Warden Roal as Respondent, that the Petition for a Writ of Habeas Corpus filed by Petitioner (Doc. 1) be **DENIED**, that the Petition be **DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 20, 2013**

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**