IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL M. KIRK,

Petitioner,

v.

N.C ENGLISH,

Respondent.                                    No. 11-cv-00937-DRH-DGW

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

Before the Court is a Report and Recommendation ("R&R") (Doc. 9), issued on February 20, 2013, by United States Magistrate Judge Donald G. Wilkerson recommending dismissal of petitioner's Section 2241 petition for a writ of habeas corpus (Doc. 1) with prejudice.[1]  Petitioner was disciplined for an incident that occurred while petitioner was incarcerated at the Federal Prison Camp Manchester in Kentucky.  Two officers reported that they observed petitioner masturbating in the prison yard.  After a Disciplinary Hearing Officer ("DHO") heard testimony from the officers and several other witnesses, he found that petitioner's statement was not credible, his witnesses were not paying attention, and the statements of the officers were credible.

---

[1] Kirk filed his petition against Wendy Roal, warden at the United States Penitentiary in Marion, Illinois, where he was held at the time of filing.  Due to his subsequent transfer to FCI Marianna, Roal's motion to substitute N.C. English, Kirk's current warden, as the proper respondent, is hereby **GRANTED.**

Petitioner is held at Federal Correctional Institution Marianna, in Florida. He objects to the R&R, claiming:  (1) he was not given a written report of Officer Barnett's memo at the hearing; (2) the "DOJ" did not timely respond to his "Admin Remedy"; (3) the DHO misrepresented his testimony; (4) the incident as reported made no sense; (5) Officer Melissa Langford was mistaken as to what she observed; (6) petitioner's inability to recall the title of the book he claimed to be reading does not negate his version of the incident; and (7) the chaplain and the DHO's stating that inmates will lie for each other.  The remaining two points petitioner claims in his objection to the R&R are statements supporting his claims above.  Petitioner argues that the Court should restore his good conduct credit and expunge the record of the incident.[2]

In the context of a prison disciplinary hearing, due process requires that the prisoner receive:  (1) written notice of the claimed violation at least 24 hours before the hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.  *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011).

**Officer Barnett's Memorandum**

Petitioner's claim that he did not receive Officer Barnett's memorandum regarding the incident before the DHO hearing is without merit.  Petitioner is

---

[2] Although petitioner filed his objection to the R&R late, the Court has taken it into consideration.

entitled to notice of his claimed violations at least 24 hours in advance of the hearing. The record reflects that petitioner was given an advanced written notice of the charge on May 25, 2010, the date of the incident. Petitioner's hearing in front of the DHO was held on June 23, 2010. Nothing in Officer Barnett's brief memorandum would have exonerated petitioner. It merely concurs with the written notice of the charges petitioner received. Thus, petitioner's not receiving Officer Barnett's memorandum before the hearing did not violate his due process rights.

**Claimed Delay in Receiving the Government's Response**

Petitioner also objects to the R&R because he claims he did not receive a copy of the "Admin Remedy" within the allotted time limits. Although the DHO's written findings were not issued until approximately six months after petitioner's hearing, petitioner fails to show any prejudice he suffered as a result. Courts have held that absent a showing of prejudice, a delay in providing a prisoner a written report following a disciplinary hearing does not rise to the level of a due process violation. *See e.g. Staples v. Chester*, 2010 WL 1225826 (10th Cir. March 31, 2010); and *Cook v. Warden*, 241 Fed. Appx. 828, 829 (3rd Cir. 2007).

In this case, petitioner was able to administratively appeal the charges. Moreover, he does not claim that he was at all prejudiced by this delay. The amount of good conduct time at issue here is less than a month, and petitioner's projected release date is nearly eighteen years in the future. Thus, this claim is without merit.

**The DHO's Misrepresentation of Petitioner's Testimony**

Additionally, petitioner objects to the R&R by claiming that the DHO misrepresented petitioner's testimony during the hearing.  However, the Court's review of the DHO's report does not support this contention.  In his filings, petitioner consistently claims he was flipping the pages of a book quickly, looking for maps or pictures.  The DHO's report is in agreement with petitioner's account to this Court of what he was doing at the time the two officers testified they observed him engaging in a sex act.  Therefore, the Court finds the DHO did not misrepresent petitioner's testimony.

**The Sense of the Incident**

In addition to his objections above, petitioner claims that, in the middle of the afternoon in the recreation yard, it makes no sense that he would stop talking to his fellow inmates and go sit down and start masturbating.  It is not the Court's function to determine the logic of petitioner's actions, but only to review the record before it.  This claim is likewise without merit.

**Officer Langford's Observation**

Petitioner claims Officer Langford was mistaken as to what she observed.  However, he provides no support for this contention.  Officer Langford wrote an incident report against petitioner, stating she saw him engaging in a sex act in violation of BOP Code 25.  Petitioner refuted her report by claiming to be reading

a book at the time.  Officer Barnett's incident report for the same time supported Officer Langford's observation of petitioner's behavior.

During the hearing, the DHO found Officer Langford's account of the incident to be credible.  Further, the DHO did not find petitioner's explanation that he was merely reading a book, to be credible.  The DHO found it relevant that Officer Langford was able to provide a detailed account of petitioner's behavior and petitioner was unable to provide any evidentiary support to refute Officer Langford's testimony.  Thus, the Court finds petitioner's claim to be without merit.

**Petitioner's Inability to Recall Book Title**

Petitioner claims that the fact that he could not remember the title of the book he claimed to be reading at the time of the incident, is not conclusive proof that he was lying about the events.  Once again, the evidence before the DHO demonstrated that petitioner had no recall of the name of the book nor its subject matter to support his claim that he was engaged in reading a book.  The DHO made the finding that petitioner's claim was not credible based on the evidence provided.  Therefore, the Court finds that petitioner's due process rights were not violated by the DHO's finding.

**Chaplain and DHO's Statement That Inmates Lie**

Finally, petitioner objects to the R&R based on his claim that the chaplain and the DHO said that inmates will lie for each other.  Here, the DHO made a finding of non-credibility of petitioner's witnesses.  The DHO specifically found

that one of the inmates was not near petitioner in the yard at the time of the incident, and the other inmate testified that, although he was talking to someone else, he was still watching petitioner.  There is no evidence that the DHO or the chaplain made any such comment about inmates lying for each other, apart from petitioner's contention.  The Court finds that the DHO's finding petitioner's witnesses' testimony not to be credible is supported by substantial evidence in the record.  This claim is without merit.

The Court has considered petitioner's objections to the R&R (Doc. 12) and finds them to be without merit.  Accordingly, the Court **ADOPTS** the R&R (Doc 9) in its entirety and **GRANTS** the motion to substitute party and waiver of personal jurisdiction and venue.  Further, the Court **DENIES** the petition for a writ of habeas corpus (Doc. 1) and **DISMISSES WITH PREJUDICE** the petition.

**IT IS SO ORDERED.**

Signed this 20th day of June, 2013.

David R. Herndon
2013.06.20
11:36:46 -05'00'

**Chief Judge**
**United States District Court.**